## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| **DANIELLE DOUGLAS** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO:  3:22-CV-418-RGJ |
| | ) |
| **UofL HEALTH – LOUISVILLE, INC.** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Danielle Douglas ("Douglas"), by counsel, against Defendant, UofL Health – Louisville, Inc. ("Defendant"), for violating the Family and Medical Leave Act of 1993 (hereinafter "FMLA"), as amended, 29 U.S.C. §2601 et seq., the Americans with Disabilities Act of 1990 (hereinafter "ADA"), as amended, 42 U.S.C. § 12101 et seq., and the Kentucky Civil Rights Act.

### II. PARTIES

2. Douglas is a resident of Floyd County, Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant conducts business within the geographical boundaries of the Western District of Kentucky.

### III. JURISDICTION AND VENUE

4.	Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. § 1367; 29 U.S.C. §2617(a)(2); and 42 U.S.C. §12117.

5.	Douglas's state law claim arises from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

6.	Defendant is an "employer" as that term is defined by 29 U.S.C. §2611(4), 42 U.S.C. § 12111(5)(A) and KRS344.030(2).

7.	At all times relevant to this action, Douglas was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and KRS344.030(5).

8.	At all times relevant, Douglas was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

9.	Douglas has a "disability" as that term is defined by 42 U.S.C. §12102(2) and KRS 344.010(4).

10.	Douglas is a "qualified individual with a disability" as defined by 42 U.S.C. §12111(8) and KRS 344.040(1).

11.	Douglas exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of her Notice of Right to Sue.

12. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Western District of Kentucky; therefore, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

13. Douglas was hired by Defendant on or about March 25, 2019, as a Respiratory Therapist.

14. Douglas suffers from Depression and an Anxiety Disorder and Defendant was aware of her condition.

15. Douglas's health condition qualifies as a "disability" as that term is defined by the American with Disabilities Act, as amended. Douglas's condition substantially limits a variety of major life activities, which may include eating, sleeping, thinking, concentrating, and working.

16. At all times relevant, Douglas met or exceeding Defendant's legitimate performance expectations. Douglas continuously received positive performance reviews and regularly completed continuing education to ensure that she was well qualified for her role as a Respiratory Therapist. While Douglas could still perform all essential parts of her job, she may be required to take time off occasionally for her condition.

17. In or about February 2021, Douglas began to utilize her intermittent FMLA leave for her condition. Douglas's health care provider certified that she would need intermittent leave for up to three (3) days per

month for her condition.

18. On or about May 25, 2021, Defendant terminated Douglas's employment due to her use of FMLA. When Douglas demonstrated that Defendant had miscalculated her FMLA time used, Douglas was able to return to her position.

19. Once Douglas returned to work, Defendant began looking for reasons to terminate her employment, as the Director, Lisa Stampor, was known to not like employees who use FMLA.

20. On or about January 17, 2022, Defendant terminated Douglas's employment for not having scanned medications. However, other Respiratory Therapists occasionally failed to follow the proper procedure with regard to scanning medications, yet those employees were not disciplined or terminated.

21. Further, in or around December of 2021, less than one month before Defendant terminating Douglas's employment, twenty-nine (29) out of forty-eight (48) Respiratory Therapists employed by Defendant had lower rates of scanning medications when administering them than Douglas. However, Douglas was the only Respiratory Therapist terminated over this common error.

22. The fact that Douglas was the only Respiratory Therapist terminated over a common workplace error, shows that similarly situated employees without a disability and those who did not use FMLA were treated more favorably.

23. Defendant's reason for terminating Douglas's employment was pretext for discrimination based on her disability and/or FMLA use.

## V. CAUSES OF ACTION

### COUNT I: FMLA – RETALIATION

24. Douglas hereby incorporates paragraphs one (1) through twenty-three (23) of her Complaint.

25. Defendant unlawfully retaliated against Douglas for exercising her rights under the FMLA by terminating her employment.

26. Defendant's actions were intentional, willful and in reckless disregard of Douglas's rights as protected by the FMLA.

27. Douglas suffered and continues to suffer damages as a result of Defendant's unlawful actions.

### COUNT II: FMLA – INTERFERENCE

28. Douglas hereby incorporates paragraphs one (1) through twenty-seven (27) of her Complaint.

29. Defendant unlawfully interfered with the exercise of Douglas's rights under the FMLA.

30. Defendant's actions were intentional, willful and in reckless disregard of Douglas's rights as protected by the FMLA.

31. Douglas suffered and continues to suffer damages as a result of

Defendant's unlawful actions.

### COUNT III-DISABILITY DISCRIMINATION – ADA

32. Paragraphs one (1) through thirty-one (31) of Douglas's Complaint are hereby incorporated.

33. Defendant violated Douglas's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. and the Kentucky Civil Rights Act by discriminating against her because of her actual or perceived disability.

34. Defendant's actions were intentional, willful and in reckless disregard of Douglas's rights as protected by the ADA.

35. Douglas has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT IV-DISABILITY DISCRIMINATION – KCRA

36. Paragraphs one (1) through thirty-five (35) of Douglas's Complaint are hereby incorporated.

37. Defendant violated Douglas's rights as protected by the Kentucky Civil Rights Act by discriminating against her because of her actual or perceived disability.

38. Defendant's actions were intentional, willful and in reckless disregard of Douglas's rights as protected by the KCRA.

39. Douglas has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## VI. R**EQUESTED** R**ELIEF**

WHEREFORE, Plaintiff, Danielle Douglas, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1. Reinstate Plaintiff's employment to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions; and/or payment to the Plaintiff of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered because of Defendant's unlawful actions;

4. Compensatory damages and damages for emotional distress for Defendant's violations of the ADA;

5. Liquidated damages under the FMLA

6. Punitive damages for Defendant's violations of the ADA;

7. All attorney's fees and costs incurred as a result of bringing this action;

8. Pre- and Post-Judgment interest on all sums recoverable; and,

9. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

*/s/ Andrew Dutkanych*
Andrew Dutkanych
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:    (317) 991-4765

Facsimile:	(812) 424-1005
Email:	ad@bdlegal.com

*Attorney for Plaintiff, Danielle Douglas*

# DEMAND FOR JURY TRIAL

The Plaintiff, Danielle Douglas, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

*/s/ Andrew Dutkanych*
Andrew Dutkanych
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:	(317) 991-4765
Facsimile:	(812) 424-1005
Email:	ad@bdlegal.com

*Attorney for Plaintiff, Danielle Douglas*